# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **KENNETH D. MAY,** | ) | |
| on behalf of himself and all others | ) | |
| similarly situated, | ) | |
|              **Plaintiff** | ) | |
|  | ) | |
| v. | ) | **Civil Action No.** |
|  | ) | |
|  | ) | |
| **PLYMOUTH COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT,** | ) | |
| **JOSEPH D. McDONALD, JR.,** | ) | |
| **FORSYTH LAW OFFICES, P.C. and** | ) | |
| **CARL A. BRUGNOLI, III** | ) | |
|  | ) | |
|              **Defendants** | ) | |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff Kenneth D. May alleges that defendants violated his rights under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and G.L. c. 93A, the Massachusetts Consumer Protection Act, by charging and attempting to collect amounts not permitted by law in connection with the levy and seizure of real estate. Since the practices in question appear to be standard ones employed by defendants, plaintiff seeks redress on behalf of himself and similarly situated Massachusetts consumers.

## Parties

1. Plaintiff Kenneth D. May is an individual who at all relevant times has resided in Brockton, Plymouth County, Massachusetts.

2.  Defendant Plymouth County Sheriff's Department ("PCSD") is an independent agency of the Commonwealth of Massachusetts.

3.  At relevant times Joseph D. McDonald, Jr. ("McDonald") has been the duly appointed Sheriff of Plymouth County and the principal officer and administrator for PCSD.  He is sued individually and in his official capacity.

4.  Defendant Forsyth Law Offices, P.C. ("Forsyth") is, on information and belief, a Massachusetts professional corporation and law firm engaged in the practice of consumer debt collection.

5.  Defendant Carl A. Brugnoli III ("Brugnoli") is a licensed Massachusetts attorney who at relevant times has been a principal shareholder, principal officer, and/or employee of Forsyth.

## Jurisdiction and Venue

6.  Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

7.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

8. With respect to the allegations and circumstances set forth herein, at all relevant times PCSD and McDonald have acted as "debt collectors" as that term is defined by 15 U.S.C. §1692a(6) and 209 CMR 18.01 because they prepared and served false and misleading documents on consumers, demanded and collected fees from consumers which were not

owed or were otherwise unlawful, and acted as *de facto* debt collectors for creditors with judgments based on consumer debts.

9. With respect to the allegations and circumstances set forth herein, at all relevant times PCSD and McDonald have been engaged in "trade or commerce" in the Commonwealth of Massachusetts as that term is defined by G.L. c. 93A, §1. Factors which indicate that defendants have been engaged in trade or commerce include, but are not limited to:

(i) said defendants compete in the marketplace for process-serving business;

(ii) said defendants operate their process-serving business as a for-profit activity; and

(iii) said defendants function as *de facto* debt collectors for judgment creditors in connection with seizures of real estate.

10. With respect to the allegations and circumstances set forth herein, at all relevant times Forsyth was a "debt collector" within the meaning of 15 U.S.C. §1692a because it regularly collects or attempts to collect, directly, or indirectly, consumer debts owed or due or asserted to be owed or due another.

11. With respect to the allegations and circumstances set forth herein, at all relevant times Brugnoli was a "debt collector" within the meaning of 15 U.S.C. §1692a because he regularly collects or attempts to collect, directly, or indirectly, consumer debts owed or due or asserted to be owed or due another.

12. Plaintiff alleges on information and belief that at all relevant times Brugnoli has been the sole shareholder of Forsyth, the sole officer of Forsyth, and the sole attorney employed by or otherwise affiliated with Forsyth. Plaintiff further alleges that with respect to all allegations of this complaint, Forsyth has acted only through Brugnoli, and that Forsyth and Brugnoli have been the alter egos of the other. Accordingly, throughout

this complaint Forsyth and Brugnoli are referred to both individually and collectively as "Forsyth/Brugnoli."

13. In or about January, 2010, the Brockton District Court issued an execution against plaintiff and in favor of an entity known as Norfolk Financial Corp. ("Norfolk") in the approximate amount of $9,000. The judgment was based on an alleged consumer debt, i.e., a debt which had been incurred primarily for personal, family, or household purposes.

14. Forsyth/Brugnoli, acting on behalf of Norfolk, forwarded the execution to PCSD to levy upon real estate owned by plaintiff in Brockton, Massachusetts.

15. Per the instructions from Forsyth/Brugnoli, PCSD levied upon and seized plaintiff's real estate by having the execution recorded at the Plymouth County Registry of Deeds. PCSD subsequently sent plaintiff a notice dated January 27, 2010, a true copy of which is appended hereto as exhibit A. Said notice was the initial written communication from PCSD to plaintiff concerning the alleged debt.

16. PCSD's notice to plaintiff stated in pertinent part: "The costs, fees and interest have already increased the amount due the Judgment Creditor. By prompt attention to this matter you will avoid additional costs." The notice then set forth an itemized list of ten charges allegedly owed by plaintiff, which together came to a total of $9,560.01.

17. On information and belief, Forsyth/Brugnoli and PCSD had an agreement, understanding or common plan that PCSD would describe all charges set forth in the notice as being owed to the judgment creditor.

18. Of the ten items listed by PCSD, only two were actually owed by plaintiff to Norfolk on January 27, 2010, to wit, "judgment & costs" and "interest to 1/27/2010." The

remaining charges were imposed by PCSD in the course of performing services for Norfolk, and were not owed by plaintiff since plaintiff did not hire PCSD and the charges had not been approved or authorized by the Brockton District Court. Moreover, one of the charges – "poundage" – is not a charge which may be assessed at all in connection with levying on or seizing real property.

19. Alternatively, plaintiff alleges that if he could lawfully be charged for "copies," "postage and handling," and a "registry fee," the amounts charged by PCSD exceeded those permitted under G.L. c. 262, §8(a)(8).

20. McDonald was personally involved in formulating, implementing, and/or ratifying the above-described conduct of PCSD.

## COUNT I

21. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

22. Due to the inclusion of unlawful and excessive charges in the January 27, 2010 notice, which notice constituted PCSD's initial written communication to plaintiff, PCSD failed to state the correct amount of the debt in violation of section 1692g(a)(1) of the FDCPA.

## COUNT II

23. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

24. Due to the inclusion of unlawful and excessive charges in the January 27, 2010 notice, PCSD misrepresented the amount of the debt in violation of section 1692e(2)(A) of the FDCPA.

## COUNT III

25. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

26. Due to the inclusion of unlawful and excessive charges in the January 27, 2010 notice, PCSD falsely represented the compensation which could lawfully be received for services rendered, in violation of section 1692e(2)(B) of the FDCPA.

## COUNT IV

27. The allegations of paragraphs 1 – 26 are incorporated herein as if fully set forth.

28. Forsyth/Brugnoli acted in concert and conspired with PCSD to unlawfully charge plaintiff for certain costs of levying on and seizing real estate. The parties had an agreement, understanding, or common plan whereby PCSD would assess excessive and/or unlawful fees to the consumer and misrepresent that they were owed to the judgment creditor. Both parties benefited from this arrangement since PCSD could recover fees which were not permitted by law and Forsyth/Brugnoli would be more likely to recover fees from the consumer since they had been assessed and demanded by PCSD. Accordingly, Forsyth/Brugnoli are jointly and severally liable for the violations set forth in counts I - III, above.

## COUNT V

29. The allegations of paragraphs 1 – 28 are incorporated herein as if fully set forth.

30. At all relevant times defendants were engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, §1.

31. Defendants' conduct violated G.L. c. 93A, section 2, because it was unfair and/or deceptive, because it violated the FDCPA as aforesaid, and because it violated corresponding regulations issued by the Massachusetts Commissioner of Banks, to wit, sections 18.16e(2)(a), 18.16e(2)(b), and 18.18(1)(a) of 209 CMR.

32. Defendants' unlawful conduct was knowing or willful in nature.

33. Plaintiff was injured within the scope of G.L. c. 93A, section 9, by being charged fees which were unlawful and/or excessive and for which he was not responsible.

34. Plaintiff sent defendants demands for relief under G.L. c. 93A, section 9, via certified mail, return receipt requested, which demands were duly received by defendants. Said demands reasonably described the acts and practices complained of and injury suffered.

35. Defendants received plaintiff's demands but did not make reasonable written tenders of settlement within 30 days of receipt.

36. Defendants' failures to make timely and reasonable written tenders of settlement were in bad faith with knowledge or reason to know that their conduct violated G.L. c. 93A.

## Class Allegations

37. Plaintiff brings counts I –V of this complaint on behalf of himself and classes of persons similarly situated. Members of "Class A" are all Massachusetts residents who, within 4 years of the filing of this action, were given or sent a written notice by PCSD in connection with its levy and/or seizure of real estate pursuant to an execution issued on a judgment on an alleged consumer debt, which notice included one or more of the charges described in exhibit A, where one or more of the charges had not been approved in full or in part by the court as the consumer's obligation and the notice was not returned as undeliverable. "Sub-class A-1" consists of members of Class A to whom PCSD gave or sent such notice within one year of the filing of this action. "Sub-class A-2" consists of members of Class A whose real estate was seized by PCSD on behalf of Forsyth/Brugnoli. "Sub-Class A-3" consists of members of Sub-class A-2 whose real estate was seized by PCSD within one year of the filing of this action. Excluded from the

7

class and sub-classes are defendants and their current and former officers, directors, employees, and agents. Plaintiff alleges on information and belief that during the class periods defendants violated the rights of hundreds, if not thousands, of Massachusetts residents, and therefore the class is sufficiently numerous such that joinder is impracticable.

38. There are issues of law and fact common to the class and sub-classes, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under the FDCPA, whether defendants were engaged in trade or commerce in Massachusetts, whether defendants' conduct violated the FDCPA and G.L. c. 93A as alleged, and whether McDonald and Forsyth/Brugnoli may be held jointly and severally liable with PCSD for the foregoing violations of law.

39. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. In addition, plaintiff and class members seek, and are entitled to, similar relief.

40. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

41. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) enjoin defendants from continuing to engage in the unlawful conduct complained of;

(iv) order defendants to rescind all unlawful charges assessed against plaintiff and class members, and at their own expense to notify plaintiff and each class member of said corrective action;

(v) under the FDCPA, award plaintiff and class members actual damages equal to unlawful amounts paid to defendants, and also award statutory damages, against defendants jointly and severally;

(vi) under G.L. c. 93A, award plaintiff and class members damages equal to unlawful amounts paid to defendants or $25.00, whichever is greater, against defendants jointly and severally;

(vii) double or triple any actual damages awarded under G.L. c. 93A;

(viii) award interest, costs and attorney's fees;

(ix) award such further relief as shall be just and proper.

## COUNT VI

42. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

43. PCSD's statement in its January 27, 2010 notice that "[b]y prompt attention to this matter you will avoid additional costs" was a false, deceptive, and misleading

representation in violation of section 1692e of the FDCPA, since plaintiff would have incurred no liability for additional costs simply by failing to promptly resolve the debt.

## COUNT VII

44. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

45. PCSD's notice stated: "There will be an additional fee due to this office in order to discharge the seizure at the Registry of Deeds when paid in full."

46. Said statement was false, deceptive, or misleading in violation of section 1692e of the FDCPA, since any such discharge fee would not be plaintiff's responsibility absent court order.

### Class Allegations

47. Plaintiff brings counts VI and VII of this complaint on behalf of himself and classes of persons similarly situated.  Class members are all Massachusetts residents who, within 1 year of the filing of this action, were given or sent a written notice by PCSD in connection with its levy and/or seizure of real estate pursuant to an execution issued on a judgment on an alleged consumer debt, which notice included one or more of the statements set forth in paragraphs 43 and 45, above, which notice was not returned as undeliverable.  Excluded from the class are defendants and their current and former officers, directors, employees, and agents.  Plaintiff alleges on information and belief that during the class period PCSD violated the rights of numerous Massachusetts residents as alleged herein, and therefore the class is sufficiently numerous such that joinder is impracticable.

48. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether

defendants' conduct violated the FDCPA as alleged and whether McDonald is jointly and severally liable with PCSD for the foregoing violations of law.

49. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. In addition, plaintiff and class members seek, and are entitled to, similar relief.

50. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

51. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

    WHEREFORE, plaintiff prays that this Honorable Court:

(i)     certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii)     appoint plaintiff as class representative and the undersigned as class counsel;

(iii)     enjoin PCSD and McDonald from continuing to engage in the unlawful conduct complained of;

(iv)     award plaintiff and class members statutory damages under the FDCPA against PCSD and McDonald, jointly and severally;

(v)     award interest, costs and attorney's fees;

(vi)     award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

          KENNETH D. MAY, plaintiff
          By his attorney:

          */s/Kenneth D. Quat*
          BBO #408640
          QUAT LAW OFFICES
          678 Massachusetts Avenue, Suite 702
          Cambridge MA 02139
          617-492-0522
          kquat@quatlaw.com

# EXHIBIT A



The Commonwealth of Massachusetts

*County of Plymouth*

## Sheriff's Department
Process Office

22 Cottage Street
P.O. Box 1663
Brockton, MA 02303-1663
Telephone: Brockton: (508) 580-2110
Telephone: Plymouth: (508) 746-8800
Fax: (508) 586-8649



Joseph D. McDonald, Jr.
Sheriff

Gerald C. Pudolsky
Special Sheriff

Patrick C. Lee
General Counsel

Date: 1/27/2010  Time: 8:30 AM

Plaintiff: Norfolk Financial Corp.

Plaintiff's Attorney:  Forsyth Law Offices, P.C.
Attorney's telephone number:  (866)288-1902

Defendant: **Kenneth D. May**

Book 17717  Page 257 - 258

Court of Issue: Brockton District    Execution # 200915CV001794

Acting on instructions from the Judgment Creditor (plaintiff), I have levied upon, seized and taken the right, title and interest of the Judgment Debtor (defendant) in the real estate described in the above specified certificate of title and/or at the above specified book and page. And immediately afterward, I suspended the further levy on this execution upon the above described real estate by written request of the attorney for the within named judgment creditor.

The costs, fees and interest have already increased the amount due the Judgment Creditor. By prompt attention to this matter you will avoid additional costs.

| | |
|---|---:|
| *Poundage* | *$204.29* |
| *Judgment & Costs* | *$9,065.50* |
| *Interest to 1/27/2010* | *$149.02* |
| *Service  (registry)* | *20.00* |
| *Travel* | *3.20* |
| *Prepare and serve* | *15.00* |
| *Demand* | *5.00* |
| *Copies* | *15.00* |
| *Postage and Handling* | *6.00* |
| *Registry Fee* | *$77.00* |
| ***\*\*\*T O T A L*** | ***$9,560.01*** |

Respectfully,

Deputy Sheriff
Administrative

***\*\*\*Interest has been calculated to 1/27/2010.  Add $2.98 for each additional day. There will be an additional fee due to this office in order to discharge the seizure at the Registry of Deeds when paid in full.***

ABINGTON • BRIDGEWATER • BROCKTON • CARVER • DUXBURY • EAST BRIDGEWATER • HALIFAX • HANOVER • HANSON • HINGHAM
HULL • KINGSTON • LAKEVILLE • MARION • MARSHFIELD • MATTAPOISETT • MIDDLEBOROUGH • NORWELL • PEMBROKE • PLYMOUTH
PLYMPTON • ROCHESTER • ROCKLAND • SCITUATE • WAREHAM • WEST BRIDGEWATER • WHITMAN